IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SAMUEL COOPER, #673194,<br>    Petitioner, | )<br>)<br>) |
| v. | )     3:07-CV-0939-B<br>)     ECF |
| NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Div.,<br>    Respondent. | )<br>)<br>)<br>) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court has not issued process in this case, pending preliminary screening.

Statement of Case: Petitioner was adjudicated guilty of arson in cause number 0468470D in the Criminal District Court Number Two of Tarrant County, Texas, and sentenced to 18 years' confinement in TDCJ. (Petition (Pet.) at 2). Petitioner was twice released on mandatory supervision or parole, and on both occasions his mandatory supervision/parole was revoked.

On June 13, 2006, Petitioner filed a federal petition challenging the forfeiture of street-time credits following each of the above revocations. *Cooper v. Quarterman*, 4:06cv0527-A (N.D. Tex., Fort Worth Div.). On March 28, 2007, The court denied habeas relief and Petitioner did not appeal. *Id.*

In the present petition, filed on May 25, 2007, Petitioner seeks to raise an additional ground in connection with the previously denied forfeiture of street-time-credit claim in No. 4:06cv0527-A. He alleges that his sentence should be permitted to run continuously whether in prison, parole or mandatory supervision and, thus, that he is entitled to his street-time credit. (Pet. at ground B, and Pet's response to show cause at 2-3).

<u>Findings and Conclusions</u>: The petition in this case is subject to summary dismissal pursuant to Rule 4, of the Rules Governing Section 2254 Proceedings. That Rule provides that "[i]f it plainly appears from the petition and any attached exhibits and the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The cases on which Petitioner relies to support his continuous sentence claim are inapposite and two have been overruled. *Ex Parte Morris,* 626 S.W.2d 754 (Tex. Crim. App. 1982), was overruled by *Ex Parte Hale,* 117 S.W.3d 866, 872 and n. 26 (Tex. Crim. App. 2003), and dealt with an inmate who had been released in error, which Petitioner does not allege in his case. The decision in *Ex Parte Kuester*, 21 S.W.3d 264 (Tex. Crim. App. 2000), was also overruled by *Ex parte Hale*, 117 S.W.3d at 872 n. 27, and likewise dealt with an inmate who had been released in error. The opinion in *Ex Parte Henderson*, 645 S.W.2d 469 (Tex. Crim. App. 1983), does not support Petitioner's contention that "time runs continuously" whether in prison,

on parole or mandatory supervision. It held that upon revocation of mandatory supervision, following violation of conditions of such release, inmate lost previously accrued good-conduct time, and when released from custody of Department of Corrections to mandatory supervision, inmate remained in legal custody of Department for entire remainder of his original sentence and thus, upon violation of conditions of release, was fully amenable to decision to return him to custody of Department. *Ex parte Henderson*, 645 S.W.2d at 471-72.

Petitioner's reliance on *Free v. Miles*, 333 F.3d 550 (5th Cir. 2003), fares no better. *Free* is totally inapplicable to Petitioner. *Free* addressed the issue of piecemeal incarceration where a state prisoner on loan to federal authorities was convicted and sentenced for a federal crime, began serving his federal sentence through a mistake of the federal authorities and no fault of his own, was returned to state custody to complete his state sentence after serving less than his full federal sentence in federal custody, and after completion of his state sentence, was returned to federal custody to complete his federal sentence, with credit for his initial time in federal custody. *See* 333 F.3d at 553-54.

Petitioner is not entitled to habeas relief on the new ground alleged in his federal petition. Accordingly, his petition should be summarily dismissed. *See* Rule 4, *supra*.

Insofar as Petitioner seeks to reassert the claims previously addressed and denied in No. 4:06cv527-A, his petition should be dismissed because it is a "duplicative action arising from the same series of events and alleging many of the same facts as an earlier suit." *See Patterson v. Dretke*, 95 Fed. Appx. 705, 706 (5th Cir. 2004) (unpublished per curiam) (citing *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988); *Howard v. King,* 707 F.2d 215, 219-20 (5th Cir.1983)).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for a writ of habeas corpus be summarily DISMISSED. *See* Rule 4 of the Rules Governing § 2254 proceedings.

The Clerk will transmit a copy of this recommendation to Petitioner.

Signed this 2nd day of October, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.